UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMAREO ALLEN, et. al.,

    Petitioners,          Case No. 2:20-CV-11676
                                Hon. Victoria A. Roberts
v.                            United States District Judge

HEIDI WASHINGTON, et. al.,

    Respondents,
_____/

### OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Demareo Allen, Jordan Granderson, Johnnie Childs, III, Terry Williams, and Nicholas Seals, ("petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a joint petition for writ of habeas corpus in this district pursuant to 28 U.S.C. § 2241. In the *pro se* application, Petitioners seek to be released from prison. Petitioners' claims are based on the Coronavirus pandemic and their fear that they might contract the disease, despite the efforts taken by the Michigan Department of Corrections to prevent the spread of Coronavirus in the prisons. In the interests of justice, the Court concludes that the proper venue for this petition is in the Western District of Michigan and orders that the petition be immediately transferred to that district.

### I. DISCUSSION

"Writs of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the

person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004)(quoting 28 U.S.C. § 2242); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained").

Petitioners do not challenge their conviction in this petition but rather the conditions of their confinement; Petitioners allege that they might contract Coronavirus while incarcerated. Petitioners seek immediate release from custody, alleging that none of the precautions taken by the Michigan Department of Corrections to protect the prisoners from contracting the disease are sufficient to prevent the spread of the disease.

When a habeas petitioner challenges his or her present physical confinement, the only proper respondent is the warden of the facility where the petitioner is being held. *See Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018)(citing to *Rumsfeld,* 542 U.S. at 435).

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819-820 (E.D. Mich. 1988); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte. See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

Petitioners are imprisoned at the Chippewa Correctional Facility in Kincheloe, Michigan, which is located the Western District of Michigan. Petitioners do not challenge their convictions; they challenge the conditions of their confinement related to the risks associated with the Coronavirus. A habeas petition filed in the federal court in the district of a habeas petitioner's confinement is the proper means of testing the conditions of the

2

petitioner's confinement. *See Coates v. Smith*, 746 F.2d 393, 395 (7th Cir. 1984); *See also Perry v. Washington,* No. 2:20-CV-11478, 2020 WL 3077592, at * 1 (E.D. Mich. June 10, 2020)(district court in the Eastern District of Michigan lacked venue over habeas petitioner's claim that his health condition put him at imminent risk of contracting COVID-19, where the petitioner was incarcerated at a prison located in the Western District of Michigan).

The Court orders that the case be transferred to the Western District of Michigan. "Given the significant liberty interests at stake, the time-sensitivity" of Petitioners' claims, as well as the risks to Petitioners' "health posed by the rapid spread of COVID-19," the Court "directs the Clerk to effectuate the transfer as soon as possible." *Perry v. Washington,* 2020 WL 3077592, at * 2.

## II.  ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

s/ Victoria A. Roberts
**HONORABLE VICTORIA A. ROBERTS**
**Dated: 7/16/2020**          **UNITED STATES DISTRICT JUDGE**